PL 3004734

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

2012 SEP 12 PM 11: 2_

ROBERT L. ____
U.S. DISTRICT COURT
FOR THE NORTHERN DISTRICT
OF INDIANA

| | |
|---|---|
| RANDELL WELLS, | ) |
| Plaintiff, | ) |
| -vs- | ) No. 3:12CV 496 |
| NORFOLK SOUTHERN RAILWAY, COMPANY, a corporation, | ) **TRIAL BY JURY DEMANDED** |
| Defendant. | ) |

## COMPLAINT

NOW COMES the plaintiff, RANDELL WELLS, by his attorneys, Patrick J. Harrington and Robert E. Harrington, III. of HARRINGTON, THOMPSON, ACKER & HARRINGTON, LTD., and complaining of the defendant, NORFOLK SOUTHERN RAILWAY COMPANY, a corporation, hereinafter "NSRC", states:

1. On February 15, 2011, the Defendant, NSRC, was a corporation engaged in operating a railroad as a common carrier in interstate commerce between the various states of the United States.

2. On February 15, 2011, and at all times alleged herein, the plaintiff, RANDELL WELLS, was employed by the NSRC and his duties were in furtherance of interstate commerce.

3. At all times alleged herein, both the plaintiff, RANDELL WELLS, and the defendant, NSRC, were subject to an Act of Congress known as the Federal Employers' Liability Act, 45 U.S.C. § 51-60, and to the Federal Safety Appliance and Equipment Act,

45 U.S.C. §1-32, and to the Code of Federal Regulations, 49 C.F.R. Part 229 Railroad Locomotive Safety Standards, §229.45, 229.46 and other applicable sections.

4. Subject matter jurisdiction for this cause of action exists under the Federal Employers' Liability Act pursuant to 28 U.S.C. § 1331 and 45 U.S.C. § 51, *et seq.*

5. On or about February 15, 2011, plaintiff sustained injury while in the employ of the defendant, NSRC, at or near Burns Harbor, Indiana.

6. At said place and time, plaintiff was assigned by defendant NSRC to work as a conductor on a job out of defendant's Burns' Harbor Yard. As part of his employment duties, and in furtherance of defendant's business, plaintiff was required to ride the rear car of a cut of cars as his Engineer pulled the train through the Yard to get past a switch. Plaintiff was giving the engineer a "count-down" over the radio to get over the switch. The engineer gave an inaudible response over the radio and then the movement came to a sudden stop. As a result of the sudden stop there was a severe run-in of slack causing the plaintiff to be thrown off of the railroad car, and thereby caused plaintiff to be injured.

7. At the time and place alleged the said cars, the person operating the locomotive and controlling the brake applications, the orders that were given, and all of the appurtenances involved in the operation of the movement were under the management, maintenance, operation and control of and in the exclusive possession of defendant.

8. Plaintiff was acting at all times alleged herein within scope of his employment and in furtherance of defendant's business, and it was its duty to plaintiff to exercise ordinary care to furnish plaintiff with a reasonably safe place in which to work and to use reasonably safe methods in its switching movements; to inspect, service, maintain and repair train air brake system; to refrain from using independent engine brake and train air

brakes at the same time to "ease off"; to have refrained from stopping the movement instead of slowing it down; to warn plaintiff, and it was its absolute duty to have train air brake system in operative order in compliance with sec. 1 of the Safety Appliance Act; to have locomotive equipped and operative in compliance with the Boiler Inspection provisions of the Safety Appliance Act so it would be safe to operate in its service without unnecessary peril to life and limb; to comply with Code of Federal Regulations, 49 C. F. R. Part 229 Railroad Locomotive Safety Standards, §229.45, 229.46 and other applicable sections to avert injury to plaintiff at said time and place.

9. Defendant at the time and place alleged, notwithstanding its duties to plaintiff, was guilty of unlawful conduct and was careless and negligent in one or more of the following particulars and thereby caused injury to plaintiff:

   a) In that at the time and place alleged, the person operating the locomotive and controlling the brake applications, the orders given, and all of the appurtenances involved in the operation of the movement, being under the management, maintenance, operation and control of and in the exclusive possession of defendant, were so managed, maintained, operated and controlled that a sudden stop of the movement of cars occurred with severe slack action which caused plaintiff to be injured, and accidents of the nature described do not occur in the ordinary course of events if defendant had used ordinary care.

Or, in the alternative:

   b) In failing to exercise ordinary care to furnish plaintiff with a reasonably safe place in which to work.

   c) In failing to exercise ordinary care to use reasonably safe methods in its switching operations.

   d) In failing to inspect, service, maintain and repair train air brake system of cut of cars when inspection would have disclosed a mechanical failure which could have caused a sudden stop leading to slack run-in, and which could have been averted by service and repair of the system.

    e)    In using the independent engine brake and the train air brakes at the same time to "ease up" when it knew or should have known and foreseen a drastic procedure would cause a sudden stop and cause a run-in of slack endangering the plaintiff who was riding a car in the cut.

    f)    In failing to slow the movement in compliance with the signal to "ease off" instead of applying brakes in a manner which caused a sudden stop and severe slack action at the end where plaintiff was situated when it knew or should have known and foreseen that plaintiff would be subjected to jeopardy of injury.

    g)    In using on its line and operating over its line a train with inoperative train air brake system.

    h)    In failing to warn plaintiff when timely warning would have averted injury to him.

    i)    In using on its line locomotive which was not equipped and operative in compliance with the Boiler Inspection provisions of the Safety Appliance Act so it would be safe to operate in its service without unnecessary peril to life and limb.

    j)    In failing to comply with Code of Federal Regulations, 49 C. F. R. part 229-Railroad Locomotive Safety Standards, §229.45, 229.46.

10.    The Plaintiff, RANDELL WELLS, sustained personal injuries, disability, pain and suffering, medical expense, loss of earning capacity, and other damages supported by the evidence and permitted by law resulting in whole or in part from the careless and negligent acts and omissions of Defendant.

WHEREFORE, Plaintiff prays for judgment against the Defendant, NSRC, in a dollar amount sufficient to satisfy the jurisdictional limitations of this court, plus whatever additional amount the court and the jury deem proper as compensatory damages, plus the costs of this lawsuit.

Respectfully submitted,

*/s/ Patrick J. Harrington*

Robert E. Harrington, Jr.
Patrick J. Harrington
Robert E. Harrington, III #24616-45
Attorneys for Plaintiff

HARRINGTON, THOMPSON, ACKER & HARRINGTON, LTD.
180 N. Wacker Drive - Suite 300
Chicago, Illinois 60606
(312) 332-8811
(312) 332-2027
htah@harringtonlaw.com